1
2
3
4
5
6
7

8          UNITED STATES DISTRICT COURT

9          SOUTHERN DISTRICT OF CALIFORNIA

10

| | | |
|---|---|---|
| 11 | U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) )  Civil No. 04cv1977-L(WMc) |

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,               )    Civil No. 04cv1977-L(WMc)
                                      )
              Plaintiff,              )    **ORDER GRANTING IN PART AND**
                                      )    **DENYING IN PART PLAINTIFF'S**
v.                                    )    **MOTIONS IN LIMINE, AND**
                                      )    **GRANTING AND PART AND**
THE COPLEY PRESS, INC. d/b/a          )    **DENYING IN PART DEFENDANT'S**
UNION TRIBUNE PUBLISHING CO.,         )    **MOTIONS IN LIMINE**
                                      )
              Defendant.              )
_____      )
                                      )

    On October 10, 2006, the parties' motions *in limine* came on for a hearing on the Court's morning calendar.  Peter F. Laura, Esq. and Victor Miramontes, Esq. appeared on behalf of Plaintiff United States Equal Opportunity Commission ("EEOC").  Tara Wilcox, Esq. and John D. Collins, Esq. appeared on behalf of Defendant The Copley Press, Inc. ("Copley").  Upon review of the parties' filings in support of and in opposition to the motions, oral argument, the reasons stated at the hearing, and as further stated herein **IT IS HEREBY ORDERED** as follows:

    1.  EEOC's motion *in limine* no. 1 to exclude the testimony and report of Copley's expert Owen Smith is **DENIED IN PART AND GRANTED IN PART**.  Mr. Smith's opinions and testimony shall be limited to pressroom operations and equipment, as well as the essential functions of the Paperhandler and Pressroom Apprentice positions, including what

1  communication is included in each essential function.  In addition, Mr. Smith is not precluded

2  from answering questions whether a person with a hypothetical impairment can perform those

3  essential functions, and whether hypothetical accommodations are appropriate in the pressroom

4  environment.  Mr. Smith's opinions and testimony about Gerald Mitchell's personality, hearing

5  impairment, accommodations for his impairment, and safety issues are excluded.

6       2.  EEOC's motion *in limine* no. 2 to exclude evidence and argument regarding Copley's

7  affirmative defenses of waiver, unclean hands, third party negligence and equitable estoppel is

8  **DENIED IN PART AND GRANTED IN PART**.  While argument pertaining to these defenses

9  is excluded, the evidence on which the defenses are based, *i.e.*, Mr. Mitchell's alleged

10 unauthorized use of machinery and alleged failure to participate in the interactive process, is

11 relevant to other issues and is therefore not excluded.

12      3.  EEOC's motion *in limine* no. 3 to exclude evidence regarding Mr. Mitchell's alleged

13 unauthorized use of machinery in the Packaging Department is **DENIED**.  If Copley's relevant

14 decision makers became aware of Mr. Mitchell's alleged misconduct after they denied his

15 applications, the evidence is relevant as indicated in the Ninth Circuit Model Civil Jury

16 Instruction 12.5C.  EEOC's argument that Copley did not terminate Mr. Mitchell after

17 discovering the alleged misconduct is inapposite, since the relevant inquiry is whether Copley

18 would have made the same decision regarding Mr. Mitchell's applications.  *See* 9th Cir. Model

19 Civ. Jury Instructions § 12.5C.  If the relevant decision makers knew of the alleged unauthorized

20 conduct before denying the application, then the evidence is relevant to the issue whether Mr.

21 Mitchell is a "qualified individual" pursuant to 42 U.S.C. Sections 12111 and 12112 and to rebut

22 Copley's assertion that had the decision makers known of the alleged misconduct, they would

23 have denied Mr. Mitchell's applications on that ground.

24      4.  EEOC's motion *in limine* no. 4 to exclude evidence regarding Mr. Mitchell's speeding

25 ticket in 2004 and a traffic infraction in college is **GRANTED**.

26      5.  EEOC's motion *in limine* no. 5 to exclude evidence that Mr. Mitchell no longer wears

27 hearing aids is **DENIED.**

28 / / / / /

6.  EEOC's motion *in limine* no. 6 to amend the Pretrial Order to add James Krakowiak and Gilbert Gomez to the witness list is **DENIED IN PART AND GRANTED IN PART**. EEOC may call these witnesses only to rebut testimony that a deaf person cannot safely and effectively perform in a newspaper pressroom, and that Mr. Smith had visited numerous pressrooms and never seen a deaf person working there.  In rebuttal, the witnesses may testify that other pressrooms employ hearing impaired employees.

7.  Copley's motion *in limine* no. 1 to exclude the testimony and report of EEOC's safety expert Earnest F. Harper is **DENIED IN PART AND GRANTED IN PART**.  Mr. Harper is not precluded from rendering opinions pertaining to the safety hazards of the pressroom environment as they relate to a hearing impaired individual.  In addition, he is not precluded from answering questions whether a person with a hypothetical hearing impairment can safely perform in the pressroom and whether hypothetical accommodations would be safe in the pressroom environment.  Mr. Harper is not precluded from opining about hearing impaired accommodations relevant to pressroom safety concerns.  However, any testimony about hearing disability accommodations beyond safety concerns shall be admitted subject to *voir dire* and objections regarding qualifications.  At the hearing, the parties argued the relevancy of opinions regarding accommodations which would render the pressroom environment safer, when the same accommodations would make the environment safer for all employees regardless of hearing impairment, in light of Mr. Harper's opinion that Mr. Mitchell could safely perform in the pressroom without any accommodation.  Copley denied Mr. Mitchell's applications for the based on the belief he could not safely or effectively perform the essential functions of either position due to his hearing impairment and alleged inability to communicate in the pressroom as required.  Mr. Harper's opinions regarding safety improvements are relevant only to the extent they address safety concerns arising from hearing impairment.  Any other opinions regarding safety improvements are excluded.

8.  Copley's motion *in limine* no. 2 to preclude EEOC from referring as "promotions" to the pressroom positions for which Mr. Mitchell applied is **DENIED**.

/ / / / /

9.  Copley's motion *in limine* no. 3 to exclude testimony regarding Jimmie Crouch's hearing impairment and co-workers' lack of English fluency is **DENIED IN PART AND GRANTED IN PART**.  Mr. Crouch's testimony regarding the percentage of his hearing loss is excluded.  However, testimony about his hearing loss in more general terms, for example, that he is hearing impaired, what or how much he can hear (without stating a percentage), the circumstances affecting his hearing, such as the effect of the pressroom noise on his ability to hear, how his hearing loss affects his communication abilities, and how he communicates and functions despite his inability to hear well in the pressroom is not excluded.  In addition, Mr. Crouch's testimony about his own experience in communicating with non-English speaking employees in the pressroom and about his observations of other employees' communication with the non-English speakers is not excluded.

10.  Copley's motion *in limine* no. 4 to exclude Mr. Crouch's testimony that Mr. Mitchell could adequately communicate in the pressroom and could perform as a Paperhandler or a Pressroom Apprentice without any assistance is **DENIED IN PART AND GRANTED IN PART**.  Mr. Crouch's testimony about his observations of and experience with Mr. Mitchell's communication methods and skills, and about the communication methods in Copley's pressroom is not excluded.  His opinion whether Mr. Mitchell could adequately and without accommodation perform in the jobs he applied for is excluded.

11.  Copley's motion *in limine* no. 5 to exclude testimony regarding hearing impaired pressroom employees at non-Copley facilities is **DENIED**.

12.  Copley's motion *in limine* no. 6 to bifurcate the trial on the amount of punitive damages and penalties is **GRANTED**.

13.  To the extent evidence is not excluded pursuant the instant order, its admissibility is subject to evidentiary objections at trial.

/ / / / /

/ / / / /

/ / / / /

/ / / / /

04cv1977

1     14.  The counsel shall immediately inform their respective clients and witnesses of the

2   terms and legal effect of this order, and that they are bound thereby.

3

4        **IT IS SO ORDERED**.

5

6   DATED:  October 12, 2006

7                                            _____

8                                            M. James Lorenz
                                             United States District Court Judge

9   COPY TO:

10
    HON. WILLIAM McCURINE, JR.
11  UNITED STATES MAGISTRATE JUDGE

12  ALL PARTIES/COUNSEL

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28